IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TAVARIS SAMUELS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 120-155 |
| | ) | |
| JEFF COLEMAN[1], | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner originally filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in the Northern District of Georgia, and United States Magistrate Judge Regina D. Cannon transferred the petition to this Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed *in forma pauperis* ("IFP") be **DENIED AS MOOT**, (doc. no. 7), the § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**.

---

[1]Jeff Coleman is the warden of Ware State Prison, where Petitioner is incarcerated. See www.dcor.state.ga.us (follow "About GDC," "Divisions," and "Facilities" hyperlinks; then search "Ware State Prison"). Because the proper Respondent is the state officer who has custody of Petitioner, the Court **DIRECTS** the Clerk to update the docket to reflect Jeff Coleman as Respondent. See Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

**I.  BACKGROUND**

Petitioner reports he plead guilty in 2010 to felony murder and armed robbery in the Superior Court of Richmond County, Georgia, and he is currently serving a life sentence plus five years.  (Doc. no. 1, p. 1.)  Petitioner does not provide the procedural background for his underlying conviction or post-conviction relief in his current petition.  However, the Court is aware in 2014, Petitioner filed his first § 2254 petition before this Court and, after a full review, Chief United State District Judge J. Randal Hall denied Petitioner's first § 2254 petition.  See Samuels v. Crickmar CV 113-084, doc. no. 20 (S.D. Ga. Sept. 10, 2014).[2]

Petitioner filed the instant § 2254 petition on October 26, 2020.  (Doc. no. 1.)  Therein, Petitioner requests relief from his 2010 conviction, arguing multiple grounds for relief based on a nonintelligent and involuntary guilty plea resulting in part from intoxication.  (See generally id.)  Petitioner does not allege since his first § 2254 he has requested or received authorization from the Eleventh Circuit Court of Appeals to file a successive petition.

**II.  DISCUSSION**

Because Petitioner filed a prior application for a federal writ of habeas corpus, the current application is successive.  The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states as follows:  "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a

---

[2]United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (confirming courts may take judicial notice of records from other courts).

second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999).  Without this authorization, the district court correctly dismisses second and successive habeas corpus applications.  In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Petitioner does not state he has sought or been granted permission from the Eleventh Circuit to file a second or successive § 2254 petition.  Without such authorization, this Court cannot consider Petitioner's claims.  See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (explaining AEDPA's restrictions on second or successive petitions and concluding "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition"); see also In re Medina, 109 F.3d at 1564  (affirming dismissal of claims as successive because petitioner did not first file application with Eleventh Circuit).

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals.  Therefore, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 7), the § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of December, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3